| | |
|---|---|
| BRADLEY J. PUETZ d/b/a DESERT TACTICAL, | Case No. 2:17-cv-02519-MMD-GWF |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 24, 26, and 27) |
| TEESPRING.COM, INC., a Delaware Corporation; DOES I-X, ROE CORPORATION I-X, inclusive, | |
| Defendants. | |

## I.  SUMMARY

This action concerns alleged copyright infringement. Pending before the Court are Plaintiff Bradley J. Puetz's Ex Parte[1] Motion for Preliminary Injunction and Temporary Restraining Order ("TRO Motion") (ECF Nos. 24, 26)[2] and Plaintiff's Motion for Leave to File the First Amended Complaint ("Motion to Amend") (ECF No. 27). Defendant Teespring, Inc. filed oppositions to the respective motions (ECF Nos. 28, 31), and Plaintiff filed replies (ECF Nos. 30, 32).

For the reasons discussed herein, the Motion to Amend is granted and the TRO Motion is denied.

---

[1]The Court issued a minute order stating that it would not consider this motion on an ex parte basis. (ECF No. 25.)

[2]The same motion is filed twice based on the two distinct forms of relief requested. Because the legal standard for a temporary restraining order is the same as that for a preliminary injunction, the Court addresses both motions simultaneously in this Order, *see infra* discussion Section IV.

## II.   RELEVANT BACKGROUND

Plaintiff is the owner of the following federally registered copyright: "I'M THE INFIDEL ALLAH WARNED YOU ABOUT" and the associated design (collectively, "Desert Tactical Design").  (ECF No. 27-1 at 4-5; ECF No. 27-2 at 2; ECF No. 29-3 at 39.)



**Desert Tactical Design**

Defendant provides an e-commerce platform that allows users to upload user customized garment designs and launch their own sales "campaigns." (ECF No. 28-1 at 2.) Defendant does not participate in creating, designing, drawing, or uploading designs to its platform. (*Id.*)

Plaintiff asserts that Defendant offers designs in campaign sales that infringe the Desert Tactical Design. (ECF No. 24 at 6; ECF No. 26 at 6.) However, this is not the first lawsuit between the parties involving such alleged infringement.

In September 2015, Defendant initiated a lawsuit against Plaintiff in the U.S. District Court for the Northern District of California ("California Court") seeking declaratory relief ("California Action").[3] (ECF No. 24 at 6; ECF No. 26 at 6; ECF No. 28-1 at 2; ECF No. 29-3 at 37.) Defendant sought a declaration that Defendant did not infringe Plaintiff's copyright for the Desert Tactical Design when it sold certain apparel designed by one of its users.

---

[3]*See Teespring Inc. v. Puetz*, No. 15-cv-04149-VC, 2017 WL 956633, at *1 (N.D. March 13, 2017).

(ECF No. 29-3 at 37.) Plaintiff counterclaimed, asserting Defendant directly and vicariously infringed the Desert Tactical Design, and requested damages and a preliminary injunction. (*Id.*)

The California Court denied Plaintiff's request for a preliminary injunction, finding Plaintiff failed to establish likelihood of irreparable harm. (*Id.* at 41.) In reaching this finding, the California Court considered: (1) Plaintiff's over-one-year-delay in moving for "interim relief[;]" (2) lack of evidence tending to show "consistent, continuing violations[;]" (3) Defendant had removed the violating design and similar designs from its website; (4) that upon Plaintiff notifying Defendant of allegedly infringing designs, "[Defendant] quickly took down the listings;" and (5) Defendant has an automated system for identifying and removing designs similar to Plaintiffs, which further decreased the likelihood of irreparable harm during the lawsuit. (*Id.* at 41-2.)

On May 9, 2017, a jury found that Defendant's user "directly infringed" the Desert Tactical Design and that Defendant vicariously infringed Plaintiff's copyright. (ECF No 27-2 at 4-6.) Plaintiff brought a post-trial motion seeking, among other things, permanent injunction against Defendant. (ECF No. 29-3 at 44.) On July 27, 2017, the California Court denied Plaintiff's request, finding an insufficient showing of irreparable harm. (*Id.* at 45-46.) In particular, the California Court found that Defendant's automated screening system "appears to have done a relatively good job" at preventing potential infringement, and that Plaintiff had "not adequately described why any harm to him could not be remedied through money damages." (*Id.* at 45.)

About two months later, on September 28, 2017, Plaintiff instituted the current action. The following designs, which includes designs that Plaintiff does not contest had been listed in campaigns on Defendant's website during the California Action, and the exact design involved in that action, underlie Plaintiff's request for preliminary relief in this matter:

///

///

3





I Am The Infidel Allah Warned You A...
$22

I Am The Infidel Allah Warned You A...
$59

I'm The Infidel Allah Warned You Ab...
$22





I'm The Infidel Allah Warned You Ab...

Im the infidel allah warned you abo...

I'm The Infidel Allah Warned You Ab...

**Exhibit C designs** (ECF No. 27-2 at 8.)

4



**Exhibit D design/California Action "Maginnis Design"** (ECF No. 27-2 at 10; ECF No. 24 at 6; ECF No. 26 at 6; ECF No. 28 at 4; *compare* ECF No. 27-2 at 8 *with* ECF No. 29-3 at 39; ECF No. 31 at 2.)



**Exhibit F design** (ECF No. 27-2 at 15.)

Plaintiff alleges that he has continued to surveil Defendant's website and has found new sale campaign listings of allegedly "infringing designs" on Defendant's website. (ECF No. 27 at 2; ECF No. 27-1 at 6.) Plaintiff asserts three claims for infringement. (ECF No. 1.)

///

///

### III.    MOTION TO AMEND

The First Amended Complaint ("FAC") does not add new claims, but merely alleges new sale campaigns offering infringing versions of the Desert Tactical Design. (*See generally* ECF No. 27-1; ECF No. 32 at 3.) Given the timing of Plaintiff's requested amendment and Rule 15(a)(2)'s mandate that amendment should be liberally given, *see, e.g.*, *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), the Court grants the Motion to Amend.[4] The Court treats the FAC as operative in evaluating the TRO Motion.

### IV.    TRO MOTION

#### A.    Legal Standard

"'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of hardships favors the plaintiff; and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20; *All. for the Wild Rockies v. Cottrell*, 623 F.3d 1127, 1131 (9th Cir. 2011). The identical standard applies for obtaining a temporary restraining order. *See, e.g.*, *Lee v. U.S. Taekwondo Union*, 331 F. Supp. 2d 1251, 1261 (D. Haw. 2004); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995) (applying the same standard to a request for a TRO); *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (applying the same standard to a preliminary injunction).

Alternatively, in the Ninth Circuit, an injunction may issue under a "sliding scale" approach if there are serious questions going to the merits and the balance of equities tips sharply in the plaintiff's favor. *All. for the Wild Rockies*, 632 F.3d at 1134-35. The plaintiff, however, must still show a likelihood of irreparable harm and that an injunction is in the

---

[4]This is not to say the Court will allow additional amendments for every new sale campaign offering allegedly infringing versions of the Desert Tactical Design.

public interest. *Id.* at 1135. "[S]erious questions are those 'which cannot be resolved one way or the other at the hearing on the injunction.'" *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 926-27 (9th Cir. 2003) (quoting *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, 862 F.2d at 1362 (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

### B.   Discussion

Plaintiff seeks preliminary relief under three bases of copyright infringement—direct; contributory; and vicarious. (ECF No. 27-1 at 3.) Absent a preliminary injunction, Plaintiff insists he will suffer indefinite intellectual and financial harm, "potential brand degradation" and brand "dilution[,]" and have to "constantly police [Defendant's] platform" for infringing designs. (ECF No. 24 at 11-12; ECF No. 30 at 14.) Defendant counters that Plaintiff's claims are barred by claim preclusion and Defendant is covered by the safe harbor protection under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. (ECF No. 28 at 12, 16.) The Court finds that Plaintiff is unlikely to succeed on the merits of his infringement claims because they are barred under the claim preclusion doctrine. Accordingly, the Court declines to address Defendant's DMCA argument.

The doctrine of claim preclusion seeks to prevent inconsistent results or repetitious litigation between jurisdictions. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see also Montana v. U.S.*, 440 U.S. 147, 153-54 (1979). "Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988) (quotations and citations omitted). It "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between parties [i]n the same cause of action." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).

Claim preclusion applies where the prior adjudication (1) involves the same parties or their privies, (2) has reached a final judgment on the merits, and (3) involves the same claims as the later suit. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th

Cir. 2001). Whether two adjudications involve the same claims or causes of action requires the Court to look at four criteria:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo v. Litton Electro-Optival Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citing *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)). Whether two lawsuits arise out of the same transactional nucleus of facts is the paramount factor. *See Owen*, 244 F.3d at 714. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(1)).

Here, all claim preclusion requirements are met, and while Plaintiff contends his claims are not precluded, he does not dispute the facts giving rise to claim preclusion. The FAC highlights that Plaintiff "successfully" sued Defendant in the prior California Action, and was granted judgment on essentially the same substantive claims, regarding the "same [Desert Tactical Design]." (*See* ECF No. 27-1 at ¶ 17; ECF No. 27-2 at 4-6.) Thus, Plaintiff effectively admits the first two requirements of claim preclusion—the parties are the same and the earlier action resulted in a judgment on the merits—and essentially concedes facts going to the third requirement.

As to the third claim preclusion requirement, the claims here arise out of the same nucleus of facts and involve the same protected copyright—the Desert Tactical Design—as the California Action. In fact, Plaintiff asserts that "[t]he issues regarding copyright infringement before this court are no different than the prior case already adjudicated." (ECF No. 24 at 11.) Here, Plaintiff relies on several exhibits to assert Defendant's continuous and "ongoing" infringement of the Desert Tactical Design. (ECF No. 24 at 6; ECF No. 26 at 5, ECF No. 30 at 7; ECF No. 27-2.) The relevant accused exhibits are Exhibit C, Exhibit D, Exhibit F, Exhibit G, Exhibit I, and Exhibits J-W. (ECF No. 27-2.)

Plaintiff appears to regard the various exhibits as separate instances of infringement upon the Desert Tactical Design. (*See, e.g.*, ECF No. 27-1 at 16.) However, the Court finds that the exhibits mostly document different user sale campaigns repeatedly using the same designs between June 2017 and January 2018. (*See* ECF No. 27-1 at 5-10; ECF No. 27-2.) The FAC's Exhibits J-Q and U-W feature a design identical to Exhibit D.[5] (*Compare* ECF No. 27-2 at 10 *with* ECF No. 27-2 at 23-37, and ECF No. 45-49.) Exhibits G, I and R-T feature the same design as Exhibit F. (*Compare* ECF No. 27-2 at 15 *with* ECF No. 27-2 at 17, 21, *and* ECF No. 39-43.) Therefore, the Court separately discusses only Exhibits C, D, and F. Specifically, the Court assesses whether the infringement claims as to the designs in these three exhibits could have been raised in the California Action. The Court finds in the affirmative.

The Exhibit D design is the exact design from the California Action and was listed again on Defendant's website in campaigns on July 11, October 23, November 7 and 8 of 2017, and January 10, 2018. (ECF No. 24 at 6; ECF No. 26 at 6; *compare* ECF No. 27-2 at 8 *with* ECF No. 29-3 at 39.) The Exhibit F design was launched to Defendant's website on February 15, 2017, while the parties were litigating the California Action, and during a period in which the California Court continued to permit amendments to the pleadings. (ECF No. 28-1 at 17; ECF No. 28 at 10; ECF No. 30 at 8.) While the claims are based on campaigns using the Exhibit F design on September 11, 2017 and January 10, 2018, Plaintiff admits being aware of the existence of this design during the California Action. (ECF No. 30 at 8; *compare* ECF No. 27-2 at 15 *with* ECF No. 27-2 at 39-43.) Defendant notes that versions of the Exhibit C designs, albeit not the exact June 14, 2017 campaign identified here, were also being sold on Defendant's website during the pendency of the California Action, with campaigns launched on September 16, 2015, and February 29, 2016. (ECF No. 28-1 at 4; ECF No. 28 at 10-11.) Plaintiff's reply brief does not challenge

---

[5]Exhibit J additionally contains certain "I am the Crusader" designs that Plaintiff does not expressly allege as infringing, and accordingly the Court does not consider them. (*See* ECF No. 27-1 at 23.)

Defendant's assertion as to the Exhibit C designs. (*See* ECF No. 30 at 7-8.) Therefore, the Court concludes that the designs in Exhibits C, D, and F had been displayed on Defendant's website before the entry of judgment in the California Action on May 9, 2017, and either were part of, or could have been joined in, that action.[6]

Plaintiff argues the designs are not barred to the extent the listing campaigns were not launched until after the entry of judgment in the California Action.[7] (ECF No. 30 at 5; *see also* ECF No. 32 at 2.) However, Plaintiff's claims are precluded because they arise from the same nucleus of facts—Defendant's alleged infringement of Plaintiff's copyright in the Desert Tactical Design by permitting users to sell apparel bearing allegedly similar *designs*, existing during the pendency of the California Action. Further, this case and the California Action allege infringement of the same right—Plaintiff's copyright in the Desert Tactical Design. If this Court was to examine whether Defendant has again infringed Plaintiff's copyright based on the relevant design exhibits, the California judgment finding infringement might be impaired. Finally, both lawsuits involve the same evidence—Plaintiff's authorship of the Desert Tactical Design and designs from user sale campaigns on Defendant's website that allegedly infringe the Desert Tactical Design. Accordingly, the Court finds claim preclusion bars Plaintiff's claims.

The fact that Plaintiff alleges an additional infringement claim (contributory infringement) not included in the California Action is of no import. *See also Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (stating "[a plaintiff] does not avoid the bar of [claim preclusion] merely because he now alleges conduct . . . not alleged in his prior suit, nor because he has pleaded a new legal theory"); *accord* Restatement (Second) Judgments § 24(1) ("When a valid and final judgment rendered in an action

---

[6]It would be duplicitous and burdensome for every subsequent user campaign using the same designs to be raised as a new copyright infringement claim against Defendant.

[7]Plaintiff takes issue with Defendant's automated screening software, arguing the software is an "undeniable failure" in preventing "ongoing and seemingly more frequent occurrence of infringing designs" and future infringements on Defendant's website. (ECF No. 30 at 7.)

extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.").

To the extent Plaintiff's arguments focus on Defendant's conduct in permitting subsequent campaigns on Defendant's website using alleged "infringing designs" that the Court finds could have been included in the California Action, Plaintiff's remedy is not in filing new lawsuits. Plaintiff's recourse is to file a motion for relief from the prior judgment in the California Action under Rule 60(b).[8]

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 27) is granted.

It is further ordered that Plaintiff's *Ex Parte* Motion for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 24, 26) is denied.

DATED THIS 2nd day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[8]A request for relief pursuant to Rule 60(b) must be made "no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1).