UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRADLEY J. PUETZ d/b/a DESERT TACTICAL,<br><br>Plaintiff,<br><br>v.<br><br>TEESPRING.COM, INC., A Delaware Corporation; DOES I-X, ROE CORPORATION I-X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02519-MMD-GWF<br><br>ORDER<br><br>(ECF No. 37) |

**I.    SUMMARY**

Before the Court is Plaintiff Bradley Puetz d/b/a Desert Tactical's Motion for Reconsideration on the Court's Denial of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order ("Reconsideration Motion"). (ECF No. 37.) Defendant Teesprings.com, Inc. filed an opposition (ECF No. 40) and Plaintiff filed a reply (ECF No. 43). For the reasons discussed below, the Reconsideration Motion (ECF No. 37) is denied.

**II.    BACKGROUND**

The relevant facts are set forth in the Court's TRO Order. (*See* ECF No. 34.) In that Order, the Court found that Plaintiff's copyright infringement claims were barred by the claim preclusion doctrine, and therefore Plaintiff was not entitled to preliminary injunctive relief in this Court. (*Id.* at 10-11.) The Court also informed Plaintiff that his recourse was to file a motion for relief from the prior judgment in the California court under Fed. R. Civ. P. 60(b). (*Id.* at 11.) Plaintiff has instead chosen to seek reconsideration in this Court.

## III. LEGAL STANDARD

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

Under Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985); *see also Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (explaining reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund*, 778 F.2d at 1388 (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## IV. DISCUSSION

Plaintiff's Reconsideration Motion neither identifies new evidence, a change in controlling law, nor demonstrates that the Court's TRO Order committed clear error or was manifestly unjust. Instead, Plaintiff seeks to retry his prior motion, arguing that the action brought in this Court does not share the same "transactional nucleus" as the California Action, because Defendant failed to provide the Court with complete facts. (ECF No. 37

at 2, 6.) Plaintiff argues that Defendant needed to identify users who initiated campaigns on Defendant's website platform, and rehashes his argument that Plaintiff's claims cannot be precluded where those users are different from the users in the California Action. (*Id.* at 2-7; *see also* ECF No. 46.) However, the gist of the TRO Order was that claim preclusion applies as between Plaintiff and Defendant despite new users initiating campaigns on Defendant's platform with allegedly infringing versions of Plaintiff's design, which was the same design either at issue in the California Action or available on Defendant's website during the pendency of that action. (*See* ECF No. 34.) The Court finds no reason to reexamine its claim preclusion analysis and conclusions.

Furthermore, it was Plaintiff's responsibility to provide the Court with any available information that Plaintiff deemed necessary to the Court's resolution regarding the relief Plaintiff sought. Accordingly, Plaintiff's suggestion that the Court had insufficient information on which to rest its decision (*see* ECF No. 37 at 3) gains Plaintiff nothing. Moreover, Defendant notes that it provided all of the information in its possession about the identity of the users in question. (ECF No. 40 at 7 n.7.)

Based on the foregoing, the Court will deny Plaintiff's Reconsideration Motion.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 37) is denied.

DATED THIS 6th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE